J^PLOTKIN, J.,
DISSENTS WITH WRITTEN REASONS:
I respectfully dissent from the majority opinion affirming the trial court judgment that dismissed this wrongful death action on a motion for summary judgment. I would reverse the trial court judgment granting the motion for summary judgment, deny the motion for summary judgment, and remand the case for further proceedings.
Under the most recent amendments to the summary judgment law, La. C.C.P. art. 966, this court reviews summary judgments de novo, considering the same standards applied by the trial court in deciding a motion for summary judgment Louisi *48 ana. Doe v. ABC Corp., 2000-1905 (La.App. 4 Cir. 6/27/01), 790 So.2d 136, 140. La. C.C.P. art. 966(B) requires the party seeking summary judgment, who has the burden of proof, to show two things: (1) that “no genuine issues as to material fact” exist, and (2) that he “is entitled to judgment as a matter of law.” In order to meet his burden of proof, the mover is not required “to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action or defense.” La.C.C.P. art. 966(0(2). Summary Judgment is now a favored procedure in Louisiana. La. C.C.P. art. 966(A)(2).
The movants in this case have not carried their dual burden of proving that no genuine issues of material fact exist and that they are entitled to judgment as a matter of law. Specifically, the movants have failed to carry their burden of proving that Sandra Pecoraro, the real estate agent, did not have “garde” of the property for purposes of strict liability under La.C.C.P. art. 2317. The evidence indicates that the absentee owner had given Ms. Pecoraro keys to the property at the time they entered the listing agreement before he went to Florida, and that he expected the property to remain locked and posted. However, the property was apparently neither locked nor posted at the time of Mr. Butler’s death. These facts, coupled with the fact that Ms. Pecor-aro was apparently the only person in the State of Louisiana who had they keys to the property, raise a genuine issue of material fact. Because the movants have not earned their burden as imposed by La. C.C.P. art. 966, the summary judgment was improperly granted.